## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANA HARRIS, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>      Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Dana Harris ("Plaintiff"), through his undersigned attorneys, Bursor & Fisher, P.A., brings this Class Action Complaint against Defendant, Select Portfolio Servicing, Inc. ("Defendant"), individually and on behalf of all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys:

### NATURE OF THE ACTION

1. This action seeks to redress Defendant's systematic failure to timely present to the county clerks of New York State proof that mortgages have been satisfied.

2. N.Y. Real Prop. Acts. Law § 1921 and N.Y. Real Prop. Law § 275 require that mortgagees like Defendant present to the proper county clerk a satisfaction of mortgage when a mortgagor has paid the entire principal and interest due on a mortgage.  The statutes each provide that a mortgagee who fails to do so within 30 days is liable to the mortgagor for $500; a mortgagee who fails to do so for more than 60 days is liable to the mortgagor for $1,000; and a mortgagee who presents a mortgage satisfaction more than 90 days late is liable to the mortgagor for $1,500.

3.      These statutes are crucial mechanisms by which New York State ensures that the acquisition and transfer of real property occurs with efficiency and reliability.

4.      Accordingly, Plaintiff brings this putative class action on behalf of himself and all other similarly situated persons, and seeks compensatory damages from Defendant.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over this controversy pursuant to 28 U.S.C § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because the real property at issue is located in this District, and a substantial part of the events or omissions that give rise to this action occurred in this District.

## PARTIES

7.      Plaintiff Dana Harris is a citizen of New York who resides in Wellsville, New York.

8.      Defendant Select Portfolio Servicing, Inc. is a loan servicing company headquartered at 3217 South Decker Lake Drive, West Valley City, Utah 84119.  Defendant services mortgages in many states, including New York.

## OPERATIVE FACTS

9.      One of the unfortunate consequences of the consolidation of the banking industry is that banks frequently fail to comply with their obligations to timely file mortgage satisfactions. Indeed, mortgage satisfactions are often filed months, if not years, after they are due, and sometimes not at all.

10.     This is no mere procedural transgression.  Title companies continue to work with buyers and lenders to provide clear title reports in spite of these "open" mortgages created by mortgagees who fail to timely present mortgage satisfactions.  However, there is a real possibility that a large loss by a title company as a result of the widespread failure of banks to timely present mortgage satisfactions may disrupt the entire system for transferring residential property in New York State.  The failure to timely present a mortgage satisfaction can also frustrate landowners who need a marketable title to complete a property sale.  Likewise, the failure to timely record a satisfaction can impair the mortgagor's credit and ability to secure a future loan.

11.     To address lenders' failure to present mortgage satisfactions in a timely manner, the New York Legislature amended N.Y. Real Prop. Acts. Law § 1921 and N.Y. Real Prop. Law § 275 in 2005 to impose progressively higher penalties upon mortgagees in favor of mortgagors where the mortgage satisfaction is not presented for recording within 30 days.  Such penalties amount to $500 after 30 days, $1,000 after 60 days, and $1,500 after 90 days under each statute.

12.     In 2006, Plaintiff obtained a residential home loan secured by a residential first mortgage from CitiFinancial Mortgage Company, Inc.  Plaintiff secured the Citi Mortgage with a recorded mortgage in favor of CitiFinancial Mortgage Company, Inc. on his property 24 Herman Avenue, Wellsville, NY 14895.  The Promissory Note and Mortgage associated with said loan are collectively referred to as the "Mortgage."  The Mortgage was recorded in the Office of the Clerk in and for the county of Allegany, State of New York.

13.     In 2019, the Mortgage was assigned to Towd Point Master Funding Trust, and Defendant took over as the servicer.

14.     On February 29, 2020, all principal, interest and other amounts due under the Mortgage was tendered to Defendant by good and sufficient funds, thereby satisfying the Mortgage.  A letter from Defendant to Plaintiff confirming the same is attached hereto as **Exhibit A**.

15.     Defendant was a mortgagee for the mortgage of record on Plaintiff's real property in Wellsville, New York. at the time all principal, interest and other amounts due under the Mortgage was tendered to Defendant, thereby satisfying the Mortgage.

16.     Nonetheless, as of the date of this Complaint, the satisfaction of mortgage has still not been recorded with the Allegany County Clerk's office.

17.     Thus, Defendant failed to present a certificate of discharge for recording within thirty days of the date upon which the full amount of principal and interest was paid on the Mortgage.

18.     The Allegany County Clerk's office records satisfactions of mortgages expeditiously upon filing and payment of the satisfaction recording fees.

19.     Upon information and belief, Defendant has failed to timely file mortgage satisfactions in thousands of instances.

20.     Prior to filing this lawsuit, Plaintiff requested that Defendant record the satisfaction of mortgage at least nine times by telephone.  In doing so, Plaintiff expended considerable time and effort.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff seeks to represent a class defined as:

> All persons who were the mortgagor party to a mortgage for which
> Defendant was a mortgagee that was secured by real property
> located in New York State and for which the authorized principal,
> interest and any other amounts due or otherwise owed by law was

actually made after January 20, 2015 but Defendant failed to present a certificate of discharge or satisfaction of mortgage within 30 days to the recording officer of the county where the mortgage was recorded.  Excluded from the Class are Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

22.     Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number are in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

23.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:  (a) whether Defendant failed to timely present certificates of discharge or satisfactions of mortgage; (b) whether Defendant violated N.Y. Real Prop. Acts. Law § 1921; and (c) whether Defendant violated N.Y. Real Prop. Law § 275.

24.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant's failure to timely present certificates of discharge or satisfactions of mortgage.

25.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

26.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of N.Y. Real Prop. Acts. Law § 1921
### (On Behalf Of The Class)

27.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

28.     N.Y. Real Prop. Acts. Law § 1921 provides that:

> After payment of authorized principal, interest and any other
> amounts due thereunder or otherwise owed by law has actually
> been made . . . a mortgagee of real property situate in this state,
> unless otherwise requested in writing by the mortgagor or the
> assignee of such mortgage, must execute and acknowledge before
> a proper officer, in like manner as to entitle a conveyance to be
> recorded, a satisfaction of mortgage, and thereupon within thirty
> days arrange to have the satisfaction of mortgage: (a) presented for
> recording to the recording officer of the county where the
> mortgage is recorded, or (b) if so requested by the mortgagor or the
> mortgagor's designee, to the mortgagor or the mortgagor's
> designee. Failure by a mortgagee to present a certificate of
> discharge for recording shall result in the mortgagee being liable to
> the mortgagor in the amount of five hundred dollars if he or she

fails to present such certificate within thirty days, shall result in the
mortgagee being liable to the mortgagor in the amount of one
thousand dollars if he or she fails to present a certificate of
discharge for recording within sixty days or shall result in the
mortgagee being liable to the mortgagor in the amount of one
thousand five hundred dollars if he or she fails to present a
certificate of discharge for recording within ninety days.

29.     Defendant systematically fails to timely present certificates of discharge, as
required by N.Y. Real Prop. Acts. Law § 1921.

30.     Here, Defendant failed to present a certificate of discharge or satisfaction of
mortgage in recordable form within thirty days upon which the full principal and interest was
paid on the Mortgage, as evidenced by the fact that the satisfaction of mortgage for Plaintiff's
Mortgage has still not been recorded as of the date of this Complaint.

31.     By reasons of the foregoing, Defendant has violated N.Y. Real Prop. Acts. Law §
1921.

32.     On behalf of himself and other members of the Class, Plaintiff seeks to enjoin the
unlawful acts and practices described herein, to recover:  (i) $500 for each Class Member whose
mortgage satisfaction was not presented for recording by Defendant within thirty days upon
which the full principal and interest was paid on the mortgage, (ii) $1,000 for each Class
Member whose mortgage satisfaction was not presented for recording by Defendant within sixty
days upon which the full principal and interest was paid on the mortgage, and (iii) $1,500 for
each Class Member whose mortgage satisfaction was not presented for recording by Defendant
within ninety days upon which the full principal and interest was paid on the mortgage, and to
recover costs and reasonable attorneys' fees.

**COUNT II**
**Violation of N.Y. Real Prop. Law § 275**
**(On Behalf Of The Class)**

33.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

34.     N.Y. Real Prop. Law § 275 provides that:

> Whenever a mortgage upon real property is due and payable, and the full amount of principal and interest due on the mortgage is paid, a certificate of discharge of mortgage shall be given to the mortgagor or person designated by him or her, signed by the person or persons specified in section three hundred twenty-one of this chapter. The person signing the certificate shall, within thirty days thereafter, arrange to have the certificate presented for recording to the recording officer of the county where the mortgage is recorded. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days and shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

35.     Defendant systematically fails to timely present certificates of discharge, as required by N.Y. Real Prop. Law § 275.

36.     Here, Defendant failed to present a certificate of discharge or satisfaction of mortgage in recordable form within thirty days upon which the full principal and interest was paid on the Mortgage, as evidenced by the fact that the satisfaction of mortgage for Plaintiff's Mortgage has still not been recorded as of the date of this Complaint.

37.     By reasons of the foregoing, Defendant has violated N.Y. Real Prop. Law § 275.

38.     On behalf of himself and other members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover:  (i) $500 for each Class Member whose mortgage satisfaction was not presented for recording by Defendant within thirty days upon which the full principal and interest was paid on the mortgage, (ii) $1,000 for each Class

8

Member whose mortgage satisfaction was not presented for recording by Defendant within sixty days upon which the full principal and interest was paid on the mortgage, and (iii) $1,500 for each Class Member whose mortgage satisfaction was not presented for recording by Defendant within ninety days upon which the full principal and interest was paid on the mortgage, and to recover costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the other Class members respectfully request that the Court:

A.   Certify the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.   Award damages, including compensatory, exemplary, statutory, incidental, consequential, actual, and punitive damages to Plaintiff and the Class in an amount to be determined at trial;

C.   Award Plaintiff and the Class their expenses and costs of the suit, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees;

D.   Permanently enjoin Defendant from engaging in the unlawful conduct set forth herein; and

E.   Grant any and all such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated:  April 6, 2021                       Respectfully submitted,

                                            **BURSOR & FISHER, P.A.**

                                            By:   */s/ Philip L. Fraietta*

                                            Philip L. Fraietta
                                            Frederick J. Klorczyk III
                                            888 Seventh Avenue
                                            New York, NY 10019
                                            Telephone: (646) 837-7150
                                            Facsimile:  (212) 989-9163
                                            Email:  pfraietta@bursor.com
                                                    fklorczyk@bursor.com

                                            *Attorneys for Plaintiff*